IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELINA N. RUCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-23-340-GLJ |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER AWARDING
ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA**

Plaintiff Angelina N. Ruckman was the prevailing party in this action under the Social Security Act following an unopposed motion to remand. Plaintiff originally sought an award of attorney's fees in the amount of $5,010.25 for 20.45 hours of attorney work, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Docket Nos. 20 & 21, Ex. 1]. The Commissioner's Response indicates the parties have now agreed to an award of fees in the amount of $4,067.00 [Docket No. 22], a reduction of $943.25.

Upon review of the record herein, the Court finds that the agreed amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States

---

[1] On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted for Kilolo Kijakazi as the Defendant in this action.

fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for an Award of Attorney Fees Under the Equal Access to Justice Act [Docket No. 20] is hereby GRANTED IN PART, to the extent that the Government is hereby ordered to pay the agreed-upon $4,067.00 fee award to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 11th day of June, 2024.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**